**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ELDRED B. MEADOWS,

        Plaintiffs,

v.                                            Case No. 07-CV-14793

PEOPLE OF THE STATE OF MICHIGAN,
et al.,

        Defendants.
                                       /

**OPINION AND ORDER CONSTRUING JANUARY 10, 2008 "RESPONSE"
AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION**

Plaintiff Eldred B. Meadows initiated this action on November 7, 2007 against various Defendants related to his state court conviction for criminal sexual conduct. On December 17, 2007, the court granted Plaintiff's application to proceed *in forma pauperis,* and dismissed the action pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff failed to state a claim upon which relief may be granted. Now before the court is Plaintiff's "Response to Order of Opinion Granting to Proceed *In Forma Pauperis* and Dismissing Action," filed on January 10, 2008. The court construes the "response" as a motion for reconsideration, and will deny it.

Eastern District of Michigan Local Rule 7.1(g) provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest,

or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In the court's December 17, 2007 order, the court dismissed Plaintiff's complaint under 28 U.S.C. § 1915(e)(2), which requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). Plaintiff's *pro se* complaint sought money damages, presumably under 42 U.S.C. § 1983, for various constitutional violations that purportedly occurred during and after his conviction for criminal sexual conduct. The court held that Plaintiff's complaint was barred because a finding in favor of Plaintiff would necessarily imply the invalidity of Plaintiff's conviction, and Plaintiff had not shown that his conviction has been reversed, invalidated or otherwise called into question by a federal court's grant of a writ of habeas corpus. (*See* 12/17/07 Order at 3-4 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).)

In Plaintiff's current motion, he does not demonstrate a palpable defect, the correction of which would result in a different disposition of the court's December 17, 2007 order. Instead, he simply elaborates on the claims he attempted to bring in his defective complaint.[1] Plaintiff's elaboration, however, only makes more apparent that he is improperly attempting to attack the validity of his criminal conviction through this civil action. Under *Heck*, Plaintiff cannot maintain a § 1983 action unless he can

---

[1] In his January 10, 2008 "response," Plaintiff also complains that the court did not rule on his request to appoint counsel. (1/10/08 Resp. at 2.) To the extent he properly raised such a request, it became moot the moment the court dismissed his complaint and need not be ruled upon further.

2

demonstrate a favorable termination of the criminal proceedings against him. As the court noted in its dismissal order, "the gravaman of Plaintiff's complaint is that the proceedings against him ended *unfavorably*. Under these circumstances, Plaintiff may not maintain a § 1983 action." (*Id.* at 4.) His motion for reconsideration, entitled a "response," must be denied.[2] Accordingly,

IT IS ORDERED that Plaintiff's January 10, 2008 "Response to Order of Opinion Granting to Proceed *In Forma Pauperis* and Dismissing Action" [Dkt. # 6] is CONSTRUED as a motion for reconsideration and DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: January 16, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 16, 2008, by electronic and/or ordinary mail.

---

[2] Construing Plaintiff's *pro se* response liberally, it is possible he seeks disqualification of this court, inasmuch as he objects to the reassignment of this matter to this court. Motions to disqualify are brought under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "In order to justify recusal under 28 U.S.C. § 455, the judge's prejudice or bias must be personal or extrajudicial." *United States v. Jamieson,* 427 F.3d 394, 405 (6th Cir. 2005) (citing *United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999)). The court will deny any request for disqualification, because Plaintiff has not identified an extrajudicial prejudice or bias. The only conceivable basis for recusal that Plaintiff has raised is this court's "pre or prejudice rulings." (Resp. at 1.) It is not an abuse of discretion to deny a motion to disqualify where, as here, the motion "is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench." *Shaw v. Martin,* 733 F.2d 304, 308 (4th Cir. 1984).

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522